UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE-AUBURN DIVISION

| | |
|---|---|
| JOHN MOLTION,<br><br>            Plaintiff<br><br>vs.<br><br>TOYOTA MOTOR CREDIT CORPORATION, MILLENNIUM CAPITAL AND RECOVERY CORPORATION, RAPID RECOVERY REPO, LLC, JOHN DOES I-X, AND KENNETH BENJAMIN,<br><br>            Defendants. | Case No. 5:21-cv-00757 (DNH/ATB)<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

**NATURE OF ACTION**

1. Plaintiff John Moltion ("Plaintiff" or "Mr. Moltion") brings this action against Defendants Toyota Motor Credit Corporation ("TMCC"), Millennium Capital and Recovery Corporation ("MCRC"), Rapid Recovery Repo LLC ("RRR"), Kenneth Benjamin ("Benjamin"), and John Does I-X ("Does I-X") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Article 9 of the New York Uniform Commercial Code, N.Y. U.C.C. Law § 9-101, and New York common law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

6. In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

7. "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

8. "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard

protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

9. For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

10. The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

11. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

13. After a default, the UCC gives secured parties the right to repossess collateral. *See* N.Y. U.C.C. Law § 9-609.

14. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

15. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## BATTERY

16. "'The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature.'" *Fugazy v. Corbetta*, 34 A.D.3d 728, 729, 825 N.Y.S.2d 120 (N.Y. App. Div. 2d Dep't 2006) (quoting *Tillman v. Nordon*, 4 A.D.3d 467, 468, 771 N.Y.S.2d 670 (N.Y. App. Div. 2d Dep't 2004)).

## PARTIES

17. Mr. Moltion is a natural person who at all relevant times resided in the State of New York and City of Lafayette.

18. Mr. Moltion is allegedly obligated to pay a debt.

19. Mr. Moltion is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. Defendant TMCC is a California business corporation.

21. TMCC regularly takes assignment of consumer automobile loans.

22. MCRC is an Ohio corporation.

23. At all times relevant to this action, MCRC was working as a repossession forwarding company at the behest of TMCC.

24. At all relevant times, MCRC was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

25. MCRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. RRR is a New York limited liability company.

27. RRR is an entity that at all relevant times was acting as a repossession agent working at the behest of TMCC and MCRC.

28. At all relevant times, RRR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

29. RRR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. Benjamin is an individual believed to reside in Candor, New York.

31. At all relevant times, Benjamin was an employee of RRR.

32. Mr. Moltion is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

33. Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of TMCC.

34. At all relevant times, Does I-X were persons and/or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

35. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

36. On or about September 19, 2015, Mr. Moltion purchased a 2015 Toyota Tundra (the "Vehicle") from TMCC.

37. Mr. Moltion purchased the Vehicle for his own personal family and household use.

38. The Vehicle constitutes "consumer goods" as defined by N.Y. U.C.C. Law § 9-102(A)(23).

39. In connection with the purchase and financing of the Vehicle, Mr. Moltion executed a retail installment sales contract ("RISC") with TMCC.

40. As part of the transaction, Mr. Moltion gave TMCC a security interest in the Vehicle.

41. The Vehicle constitutes "collateral" as defined by N.Y. U.C.C. Law § 9-102(a)(12).

42. TMCC is a "secured party" as defined by N.Y. U.C.C. Law § 9-102(a)(73).

43. On or about January 3, 2021, TMCC hired MCRC and/or Does I-X to accomplish the repossession of Mr. Moltion's Vehicle.

44. MCRC and/or Does I-X in turn hired RRR to carry out the actual repossession.

45. On or about January 3, 2021, RRR's employee, Benjamin, went to Mr. Moltion's home to repossess the Vehicle.

46. Mr. Moltion noticed Benjamin's arrival and immediately protested the repossession.

47. Mr. Moltion demanded that Benjamin leave the property immediately.

48. Benjamin responded by starting a physical altercation with Mr. Moltion.

49. Benjamin, threw Mr. Moltion, a diabetic 61-year-old former law enforcement officer, to the ground.

50. Benjamin beat Mr. Moltion and kicked him repeatedly with steel-toed work boots until he was left battered and bloody.

51. When Mr. Moltion attempted to defend himself, Benjamin produced a pistol and pressed it to Mr. Moltion's head.

52. In the line of fire of Benjamin's pistol—aside from Mr. Moltion's head—was Mr. Moltion's living room, where his wife and children were located.

53. Fearing that he or his family would be murdered by Benjamin, Mr. Moltion had no other option than to fight back.

54. He desperately swung at Benjamin.

55. As if by luck, his desperate punch connected with Benjamin's face.

56. Benjamin fell to the ground and dropped his gun in the dirt and snow.

57. Nearly immediately, Benjamin came to, picked up his gun, threw it into his vehicle, and drove away in his vehicle.

58. Both Mr. Moltion and Benjamin called the police.

59. As a result of RRR and its employee's conduct, Mr. Moltion has suffered actual damages including but not limited to physical and psychic injury.

60. Mr. Moltion's legs were severely injured, requiring surgery.

61. As a result, he was unable to work and has suffered further pecuniary loss.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### RRR

62. Mr. Moltion repeats and re-alleges each factual allegation contained above.

63. New York law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." N.Y. U.C.C. Law § 9.609(b)(2).

64. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

65. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer confronted repossession agent, secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the

peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

66. Mr. Moltion confronted RRR's employee, Benjamin, and loudly protested the repossession.

67. Once Mr. Moltion protested the repossession, RRR and Benjamin lost the right to continue with the repossession.

68. Nonetheless, RRR continued with its repossession and thereby breached the peace.

69. Use of physical force or violence during a repossession constitutes a breach of the peace. *See Wombles Charters, Inc. v. Orix Credit All., Inc.*, 97 Civ. 6186 (JSM), 1999 U.S. Dist. LEXIS 10566, at *5 (S.D.N.Y. July 14, 1999); *see also Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (shouting, pushing, shoving, and hitting consumer with car is breach of peace); *Scroggins v. City of Kankakee*, 2007 WL 2681235 (C.D. Ill. Aug. 16, 2007) (repossession that led to physical confrontation and required police intervention was breach of peace*); Pease v. Havelock Nat'l Bank*, 351 F. Supp. 118 (D. Neb. 1972); *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace); *Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283 (Ariz. Ct. App. 1980); *Kensinger Acceptance Corp. v. Davis*, 269 S.W.2d 792 (Ark. 1954); *Silverstin v. Kohler & Chase*, 183 P. 451 (Cal. 1919); *Besner v. Smith*, 178 A.2d 924 (D.C. 1962); *C.I.T. Corp. v. Brewer*, 200 So. 910 (Fla. 1941); *C.I.T. Corp. v. Reeves*, 150 So. 638 (Fla. 1933); *Thrasher v. First Nat'l Bank of Miami*, 288 So. 2d 288 (Fla. Dist. Ct. App. 1974); *McDowell v. Talcott*, 183 So. 2d 592 (Fla. Dist. Ct. App.

1966); *Roach v. Barclays-American/Credit Inc.*, 298 S.E.2d 304 (Ga. Ct. App. 1982); *Nicholson's Mobile Home Sales Inc. v. Schramm*, 330 N.E.2d 785 (Ind. Ct. App. 1975); *Singer Sewing Mach. Co. v. Phipps*, 94 N.E. 793 (Ind. Ct. App. 1911); *C.F. Adams Co. v. Saunders*, 66 S.W. 815 (Ky. 1902); *Van Wren v. Flynn*, 34 La. Ann. 1158 (La. 1882); *Strahan v. Simmons*, 15 So. 2d 164 (La. Ct. App. 1943); *Carter v. Mintz & Goldblum*, 8 So. 709 (La. Ct. App. 1931); *Bettis v. Singer Sewing Mach. Co.*, 10 Pelt. 273 (La. Ct. App. 1913); *Lambert v. Robinson*, 37 N.E. 753 (Mass. 1894); *Drury v. Hervey*, 126 Mass. 519 (1879); *Levi v. Brooks*, 121 Mass. 501 (1877); *Witcuke v. Presque Isle Bank*, 243 N.W.2d 907 (Mich. Ct. App. 1976) (bank liable for battery on debtor by its repossessing agent); *Kirkwood v. Hickman*, 78 So. 2d 351 (Miss. 1955); *Spangler-Bowers v. Benton*, 83 S.W.2d 170 (Mo. Ct. App. 1935); *Bordeauz v. Hartman Furniture & Carpet Co.*, 91 S.W. 1020 (Mo. Ct. App. 1905); *Peddie v. Gally*, 95 N.Y.S. 652 (N.Y. App. Div. 1905); *Regg v. Buckley-Newhall Co.*, 130 N.Y.S. 172 (N.Y. Sup. Ct. 1911); *O'Connell v. Samuel*, 30 N.Y.S. 889 (N.Y. Sup. Ct. 1894); *Lamb v. Woodry*, 58 P.2d 1257 (Or. 1936); *Reight v. Hamburger*, 81 Pa. Super. Ct. 571 (1923); *Harris Truck & Trailer Sales v. Foote*, 436 S.W.2d 460 (Tenn. Ct. App. 1968); *Godwin v. Stanley*, 331 S.W.2d 341 (Tex. Civ. App. 1959); *Gerstein v. C.F. Adams Co.*, 173 N.W. 209 (Wis. 1919).

70. RRR and its employee, Benjamin, used physical force (including a threat of deadly force) and violence during its attempted repossession and thereby breached the peace.

71. A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the

peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

72. When RRR and Benjamin breached the peace, they lost right to possession of the Vehicle.

73. Nonetheless, RRR and Benjamin attempted to continue with the repossession.

74. By continuing with its repossession after it lost the right to do so, RRR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Mr. Moltion's property where the property was exempt by law from such dispossession.

WHEREFORE, Mr. Moltion prays for relief and judgment, as follows:

a) Adjudging that RRR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Mr. Moltion statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Moltion actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Moltion reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Moltion pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### MCRC

75. Mr. Moltion repeats and re-alleges each factual allegation contained above.

76. Mr. Moltion confronted RRR's employee and loudly protested the repossession.

77. Once Mr. Moltion protested the repossession, RRR lost the right to continue with the repossession.

78. Nonetheless, RRR continued with its repossession and thereby breached the peace.

79. RRR used physical force (including a threat of deadly force) and violence during its attempted repossession and thereby breached the peace.

80. When RRR breached the peace, they lost right to possession of the Vehicle.

81. Nonetheless, RRR attempted to continue with the repossession.

82. By continuing with its repossession after it lost the right to do so, RRR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Mr. Moltion's property where the property was exempt by law from such dispossession.

83. As the debt collector that hired RRR, MCRC is liable for RRR's violation of the FDCPA.

WHEREFORE, Mr. Moltion prays for relief and judgment, as follows:

a) Adjudging that RRR violated 15 U.S.C. § 1692f(6)(A);

    b) Adjudging that MCRC as the debt collector that hired RRR is liable for RRR's violation of the FDCPA;

    c) Awarding Mr. Moltion statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    d) Awarding Mr. Moltion actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    e) Awarding Mr. Moltion reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    f) Awarding Mr. Moltion pre-judgment and post-judgment interest as permissible by law; and

    g) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X

84. Mr. Moltion repeats and re-alleges each factual allegation contained above.

85. Mr. Moltion confronted RRR's employee and loudly protested the repossession.

86. Once Mr. Moltion protested the repossession, RRR lost the right to continue with the repossession.

87. Nonetheless, RRR continued with its repossession and thereby breached the peace.

88. RRR used physical force (including a threat of deadly force) and violence during its attempted repossession and thereby breached the peace.

89. When RRR breached the peace, it lost right to possession of the Vehicle.

90. Nonetheless, RRR attempted to continue with the repossession.

91. By continuing with its repossession after it lost the right to do so, RRR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Mr. Moltion's property where the property was exempt by law from such dispossession.

92. As the debt collector that hired RRR, Does I-X are liable for RRR's violation of the FDCPA.

WHEREFORE, Mr. Moltion prays for relief and judgment, as follows:

a) Adjudging that RRR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Does I-X as the debt collector that hired RRR is liable for RRR's violation of the FDCPA;

c) Awarding Mr. Moltion statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Mr. Moltion actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Mr. Moltion reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Mr. Moltion pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF N.Y. U.C.C. Law § 9.609(b)(2)
## TMCC

93. Mr. Moltion repeats and re-alleges each factual allegation contained above.

94. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See Mauro v.*

*Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *GM v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

95. TMCC's repossession agent, RRR, breached the peace by continuing its repossession in the face of Mr. Moltion's confrontation and protest, and by physically assaulting Mr. Moltion during the attempted repossession.

96. TMCC violated N.Y. U.C.C. Law § 9.609(b)(2) when its repossession agent, RRR, breached the peace during its attempted repossession.

WHEREFORE, Mr. Moltion prays for relief and judgment, as follows:

a) Adjudging that TMCC violated N.Y. U.C.C. Law § 9.609(b)(2);

b) Awarding Mr. Moltion statutory damages, pursuant to N.Y. U.C.C. Law § 9-625(c)(2);

c) Awarding Mr. Moltion actual damages, pursuant to N.Y. U.C.C. Law § 9-625(c)(1);

  d) Awarding Mr. Moltion pre-judgment and post-judgment interest as permissible by law; and

  e) Awarding such other and further relief as the Court may deem proper.

**COUNT V
BATTERY
RRR, BENJAMIN, AND TMCC**

  97. Mr. Moltion repeats and re-alleges each factual allegation contained above.

  98. RRR's employee, Benjamin, committed a battery when he beat Mr. Moltion and held a gun to his head.

  99. When Benjamin did so, he was acting in the course and scope of his duties as an employee of RRR.

  100. Benjamin's actions were taken in furtherance of RRR's business as a repossession company.

  101. RRR is liable for Benjamin's battery of Mr. Moltion.

  102. Benjamin's actions in purposefully beating Mr. Moltion, an elderly former law enforcement officer, until he was battered and bloody, and threatening him with a firearm, evidence that Benjamin acted maliciously and wantonly.

  103. Upon information and belief, RRR authorized, participated in, consented to, or ratified Benjamin's conduct.

  104. TMCC, as the secured party that hired RRR, is liable for RRR and Benjamin's battery of Mr. Moltion. *See Mauro*, 626 N.Y.S.2d at 377 (stating that if a debtor sustained personal injuries and derivative loss as the result of an assault and battery committed by a repossession agent in the act of repossessing an automobile, lender will be liable in the first instance for those damages).

  WHEREFORE, Mr. Moltion prays for relief and judgment, as follows:

a) Adjudging that RRR committed a battery on the person of Mr. Moltion;

b) Adjudging that TMCC, as the secured party that hired RRR is liable for its battery;

c) Awarding Mr. Moltion his actual damages in an amount to be proved at trial;

d) Awarding Mr. Moltion punitive damages in an amount to be proved at trial

e) Awarding Mr. Moltion pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

105. Mr. Moltion is entitled to and hereby demands a trial by jury.

Dated July 1, 2021.

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson, IV
Northern District Bar No. 518563
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com